FRANCIS C. FARWELL, Appellant, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed October 28, 1910—Rehearing denied Dec. 9, 1910.*

1. PLATS—*fee of Fifth avenue, in School Section addition to Chicago, is in abutting owners.* The plat of School Section addition to Chicago was a common law plat, and the fee of Fifth avenue, in such addition, is therefore in the abutting owners and not in the city.

2. SAME—*fee of Congress street, in School Section addition to Chicago, is in abutting owners.* By reason of the failure of the owner of the land to properly acknowledge the plat by which Congress street, in School Section addition to Chicago, was dedicated, the title to said street remained in such owner, and when he conveyed lots abutting upon Congress street he conveyed title to his grantees to the center of the street.

3. The principles involved in this case are discussed in the opinions rendered in *Sears* v. *City of Chicago*, (*ante*, p. 204,) and in *Tacoma Safety Deposit Co.* v. *City of Chicago*, (*ante*, p. 192.)

APPEAL from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.

This was one of eight bills in chancery severally filed in the circuit court of Cook county by property owners in the city of Chicago whose property abuts upon the public streets of said city, against the city of Chicago, to enjoin the city from enforcing, as against their respective properties, the provisions of an ordinance passed by the common council of the city of Chicago on February 5, 1906, which ordinance provides that no person shall use any space underneath the surface of any street or other public grounds in the city of Chicago, or construct or maintain any structure thereunder, without first obtaining a permit so to do from the commissioner of public works in said city. The complainant Farwell is the owner of the northwest corner of Fifth avenue and Congress street, which has a frontage of eighty feet on Fifth avenue and one hundred feet on Congress street, and has located thereon an eight-story building of brick and mill construction. The complainant the Board of Trustees of Beloit College owns a frontage of fifty feet on Fifth avenue, upon which it has erected an eight-story building. The premises of the complainants are situated in the original plat of School Section addition to Chicago. That plat is a part of section 16, township 39, north, range 14, east of the third principal meridian, which was granted by the United States to the State of Illinois for the use of the inhabitants of the township in which the same is situated, for the use of schools. The plat of School Section addition to Chicago contains no certificate, signature or endorsement by said commissioner. Fifth avenue was one of the original streets in School Section addition to Chicago. Congress street was opened in 1851 by plat made by Samuel Russell, which was recorded in September, 1852, and which plat was acknowledged by Russell before the county clerk of Middlesex county, Con-

necticut, who was not authorized by statute to take acknowl-
edgments of plats. The trial court dismissed the bill for
want of equity, and Farwell has appealed.

WILSON, MOORE & McILVAINE, for appellant.

EDWARD J. BRUNDAGE, Corporation Counsel, and WIL-
LIAM D. BARGE, for appellee.

Per CURIAM: It was held by this court in *Sanitary
District* v. *Pittsburgh, Ft. Wayne and Chicago Railway Co.*
216 Ill. 575, that the plat of School Section addition to
Chicago was a common law plat. Under the doctrine an-
nounced in the case of *Sears* v. *City of Chicago,* (*ante,*
p. 204,) the fee to Fifth avenue is in appellant, and the
court should have enjoined the city from enforcing the ordi-
nance against this frontage. The plat of Congress street
was not properly acknowledged, and the title to that street
remained in Russell, and when he conveyed he conveyed to
the center of the street. The complainant, Farwell, was
therefore the owner to the center of Congress street adjoin-
ing his property, and the city should have been enjoined
as to the enforcement of the said ordinance as to the Con-
gress street frontage.

The principles involved in this case are fully discussed
in the opinions filed in the cases of *Sears* v. *City of Chi-
cago, supra,* and *Tacoma Safety Deposit Co.* v. *City of Chi-
cago,* (*ante,* p. 192.)

The decree of the circuit court will be reversed and the
cause remanded to that court, with directions to proceed in
accordance with the views herein expressed.

*Reversed and remanded.*